IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES SCOTT HARRINGTON, et al., | |
| Plaintiffs, | |
| v. | Case No. 5:20-cv-04081-HLT-KGG |
| STATE OF KANSAS, et al., | |
| Defendants. | |

## MEMORANDUM AND ORDER

This is an employment-discrimination case. Plaintiffs allege they were retaliated against for opposing unlawful discrimination and harassment of other employees and for exercising their First Amendment rights. The complaint in this case is 42-pages long and includes five claims and 352 numbered paragraphs. Defendants have filed a "Motion to Dismiss and for More Definite Statement or to Strike." Doc. 12. Specifically, Defendants move to dismiss the Kansas Highway Patrol ("KHP") as a defendant because it is a subordinate state agency that lacks capacity to be sued. They also alternatively move for a more definite statement or to strike the complaint on grounds that it "sets forth a morass of allegations so vague or ambiguous and full of extraneous and immaterial content that defendants cannot reasonably be expected to respond." *Id.* at 1. For the reasons explained below, the Court grants the request to dismiss the KHP but denies the remainder of the motion.

### I.   BACKGROUND

Plaintiffs were both formally employed with the KHP. They allege in the complaint (Doc. 1) that they received complaints from several female KHP employees regarding sexual harassment and gender discrimination they experienced while employed with the KHP. Plaintiffs allege they opposed this harassment and discrimination and were retaliated against by Defendants as a result,

including having their own employment terminated. Plaintiffs also allege they exercised their First Amendment rights by speaking out on these matters and suffered retaliation as a result. They assert five counts of retaliation under Title VII and the First Amendment.

## II.     ANALYSIS

### A.     Dismissal of KHP as a Party

Regarding the request to dismiss the KHP, Defendants argue that the KHP is a subordinate state agency that lacks capacity to be sued under Kansas law. Doc. 12 at 6. In response, Plaintiffs acknowledge that the KHP was inadvertently included as a party in error, and they agree it should be dismissed. Doc. 13 at 8. Accordingly, the Court grants the motion to the extent it seeks dismissal of the KHP.

### B.     Request for More Definite Statement or to Strike

In the remainder of their motion, Defendants argue that the Court should order Plaintiffs to file a more definite statement under Rule 12(e) in the form of a complaint that complies with Rule 8, or alternatively, that the Court strike the complaint under Rule 12(f) and grant leave to amend. Doc. 12 at 6.[1]

Under Rule 12(e), a party may move for more definite statement of a pleading if it is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion "must point out the defects complained of and the details desired." *Id.* Such motions are disfavored and will generally only be granted when the complaint is so ambiguous that it is difficult to discern the nature of the claim or against who it is alleged. *Black & Veatch Intern. Co. v. Wartsila NSD N.A., Inc.*, 1998 WL 264738, at *1 (D. Kan. 1998). Motions for more definite statements are appropriate in the case of "unintelligible or confusing pleadings." *Mechler v. United*

---

[1]     Although Defendants argue the complaint fails to comply with Rule 8, they do not seek dismissal. Doc. 12 at 2.

2

*States*, 2012 WL 5289627, at *1 (D. Kan. 2012). A lack of detail is not sufficient if there is enough information to enable a responsive pleading. *Id.* Whether to grant a motion for more definite statement is within a court's discretion. *Black & Veatch*, 1998 WL 264738, at *1.

Under Rule 12(f), a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored. *Dolezal v. Starr Homes, LLC*, 2019 WL 587959, at *1 (D. Kan. 2019) ("Striking a pleading is a drastic measure, and may often be brought as a dilatory tactic, thus motions to strike under Rule 12(f) are generally disfavored."). Courts "should decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party." *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011) (internal quotations and citations omitted).

Defendants argue that Rule 8 requires that pleadings must contain "a short and plain statement" of the claims, and allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). But they contend that the complaint in this case fails to comply with Rule 8 because it is "unnecessarily long, contains a morass of irrelevancies, is confusing, lacks specificity, and is so vague or ambiguous that defendants cannot reasonably prepare an appropriate defense." Doc. 12 at 5-6. Defendants identify four specific issues with the complaint: (1) the reference to unidentified third parties; (2) conclusory allegations of "gender discrimination" or "sexual harassment;" (3) allegations regarding conversations that did not involve Defendants and statements about what Plaintiffs or others "believed," which Defendants could not have personal knowledge about; and (4) the complaint's length. *Id.* at 5. The Court finds none of these issues justify the relief sought.

3

First, Defendants note that the complaint refers to certain unidentified employees or legislators by letter, i.e. Employee A or Legislator B. *Id.* But Defendants do not state how this prevents them from preparing a responsive pleading. Although the Court does not condone the unrestrained or unjustified use of pseudonyms in public court filings and questions the necessity of doing so here, Plaintiffs have expressed a willingness to identify these people—the individuals for whom they allegedly advocated for or spoke to about the alleged discrimination or harassment—in discovery. Thus, absent any justification for how this prevents Defendants from responding to the complaint, this is not grounds to order a more definite statement or to strike the complaint. *See Mechler*, 2012 WL 5289627, at *2 ("When a complaint provides sufficient notice under Rule 8(a), the defendant should elicit additional detail through the discovery process.").[2]

Second, Defendants state that the complaint includes "vague and conclusory allegations of unspecified 'gender discrimination' or 'sexual harassment' rather than the alleged conduct." Doc. 12 at 5. But again, Defendants do not state how this prevents them from being able to respond to the complaint. Further, the alleged conduct at issue is that Plaintiffs were retaliated against for opposing discrimination and harassment of others, not that they themselves were subjected to gender discrimination or sexual harassment. *See Love v. RE/MAX of Am., Inc.*, 738 F.2d 383, 385 (10th Cir. 1984) (noting that protected activity turns on a "good faith belief that Title VII has been violated," even if the belief is mistaken).[3] The Court also notes that at least some of the allegations in the complaint do identify the conduct underlying the discrimination or harassment complaints. *See, e.g.*, Doc. 1 at ¶¶ 30, 63, 65, 90, 96-98, 102-103, 105, 131-132, 174.

---

[2] As discussed below, to the extent Plaintiffs' use of pseudonyms in this way prevents Defendants from having sufficient information to form a belief about the truth of any allegation, Defendants could simply state as much in their answer. *See* Fed. R. Civ. P. 8(b)(5).

[3] The Court makes no judgment regarding whether Plaintiffs' complaint adequately or substantively states a claim, as that is not the issue currently before the Court.

Third, Defendants argue that many of the allegations in the complaint address things that Defendants do not have personal knowledge about, including conversations they were not involved in or things other people "believed." Doc. 12 at 5. But this does not prevent them from providing a responsive pleading. Rule 8 states that a responsive pleading should admit or deny the allegations. But it also specifically contemplates allegations that a party lacks knowledge about: "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5). Given that Rule 8 specifically contemplates allegations beyond a defendant's knowledge or information, the Court cannot find that such allegations in the complaint here violates Rule 8.

Fourth, Defendants generally argue the complaint is overly long. The complaint is 42 pages and 352 numbered paragraphs. While this skews on the lengthy side of federal employment-discrimination complaints, the Court does not find that it is so overly long to warrant the disfavored relief sought here. As Plaintiffs note, "there are two independent Plaintiffs, joined in one action for judicial economy under Rule 20(a)(1)," and though they could have filed individual complaints, they opted to file one. Doc. 13 at 4.[4] Additionally, there are five separate counts in the complaint. Although there are 352 individually numbered paragraphs, the Court notes that most, if not all, of those paragraphs contain one sentence. Under these circumstances, the length of the complaint, standing alone, does not warrant the relief sought here.

In sum, the Court has reviewed the complaint and finds it to be relatively straightforward in the claims asserted. Although longer than average, the allegations are clear, and the complaint cannot be considered "unintelligible" such that it runs afoul of Rule 8. *Compare Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir. 2006).

---

[4]   The Court does not reach the question of whether any such joinder was or is proper.

The specific counts are clearly labeled, and the single-sentence paragraphs satisfy Rule 8(d)(1)'s direction that allegations be "simple, concise, and direct." Nor does the Court discern any allegations that run afoul of Rule 12(f)'s admonishment against "redundant, immaterial, impertinent, or scandalous matter." To the contrary, the complaint clearly and factually asserts the allegations and contains no extraneous legal arguments, gratuitous editorializing, or unnecessarily salacious details. Finally, although Defendants have pointed out certain features of the complaint they find lacking, they have not explained how these issues prevent them from submitting a responsive pleading. Accordingly, the remaining portion of Defendants' motion is denied.

## III.   CONCLUSION

THE COURT THEREFORE ORDERS that Defendants' Motion to Dismiss and for More Definite Statement or to Strike is GRANTED IN PART AND DENIED IN PART. Defendant Kansas Highway Patrol is dismissed from this case. All other requested relief is denied.

IT IS SO ORDERED.

Dated: March 8, 2021            /s/ *Holly L. Teeter*
                                HOLLY L. TEETER
                                UNITED STATES DISTRICT JUDGE