## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES SCOTT HARRINGTON )<br>and )<br>JOSHUA A. KELLERMAN )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>STATE OF KANSAS; )<br> )<br>HERMAN JONES, in his individual )<br>capacity; )<br>and )<br>JASON DE VORE, in his individual )<br>capacity; )<br> )<br>Defendants. ) | 5:20-CV-04081-HLT-KGG |

### PLAINTIFFS' UNOPPOSED MOTION TO AMEND COMPLAINT

COMES NOW the Plaintiffs, James Scott Harrington and Joshua A. Kellerman, by and through counsel, Kelly J. Trussell of the law firm of SLOAN, EISENBARTH, GLASSMAN, MCENTIRE & JARBOE, L.L.C., and respectfully requests a modification of the Scheduling Order, pursuant to Fed. R. Civ. P. 16(b)(4), and grant leave to file an Amended Complaint, pursuant to Fed.R.Civ.P. 15(a)(2). In support of this motion, Plaintiffs state as follows:

### NATURE OF THE CASE

This action is brought by James Scott Harrington and Joshua A. Kellerman to obtain redress for their unlawful employment terminations. The Plaintiffs were both employed by the State of Kansas Highway Patrol. While employed, both Plaintiffs received complaints from female

employees regarding the sexual harassment and gender discrimination acts they suffered within the Agency. The Plaintiffs engaged in protected activities under Title VII by opposing those unlawful actions, and their employer responded with retaliatory actions, which included termination. Additionally, both Plaintiffs exercised their rights to free speech by publicly speaking out on matters of public concern. The Plaintiffs allege that the Defendants violated the Plaintiffs' First Amendment right to free speech by acts of retaliation and ultimately unlawful termination of their employment.

## PURPOSE OF AMENDMENTS

The Plaintiffs seek to each add one claim under 42 U.S.C. §1983 asserting due process violations of the Fourteenth Amendment to the United States Constitution, regarding their employment terminations. A proposed Amended Complaint is attached as Exhibit 1. As set forth below, while the Defendants do not object to this motion, the Plaintiffs must file a motion for leave to amend to address the issues with amending the pleadings after this Court's deadline to so has expired.

## FACTS RELEVANT TO THIS MOTION

1. The Plaintiffs filed their Complaint in this matter on December 4, 2020. (DOC 1)

2. The Defendants filed an Answer to the Complaint on April 5, 2021. (DOC 19)

3. On April 21, 2021, the Court issued a Scheduling Order setting a May 12, 2021, deadline for leave to join additional parties or otherwise amend the pleadings. (DOC 23)

4. On September 22, 2021, Judge Crabtree issued a Memorandum and Order in *Bruce v. Kelly, et al*, 5:20-cv-4077-DDC-GEB addressing the defendants' motion to dismiss Mr. Bruce's due process claims in that matter. (Attached as Exhibit 2)

2

5. Within the *Bruce v. Kelly, et al.* Order, the Court explains that without guidance from the Kansas Supreme Court on whether the Kansas statutes define the rank of Major in the KHP as a member of the unclassified or classified service of the Kansas civil service, it is not possible for the Court to determine either of the issues raised by the defendants: Fed.R.Civ.P. 12(b) failure to state a claim and a qualified immunity defense.  (Exhibit 2, p. 60)

6. The Court certified two questions of law to the Kansas Supreme Court.  *Id.*

7. The first certified question is relevant to the Plaintiffs in this matter: "Does Kan. Stat. Ann. § 74-2113 define the rank of Major in the KHP as a member of the unclassified or classified service of the Kansas civil service?"  *Id.*

8. On October 1, 2021, the Kansas Supreme Court docketed the certified questions. *Bruce v. Kelly*, et al., No. 124415.

9. As of the date of this Motion, the Defendants have not served any discovery requests in this matter.

## ARGUMENT AND AUTHORITY

**I.     Plaintiffs should be allowed to amend the Complaint to add due process violation claims.**

Fed.R.Civ.P. 15(a)(2) allows for amending the pleadings "with the opposing party's written consent or the court's leave." In this case, Defendants have provided the Plaintiffs with written consent, however, because this Court's deadline for such amendments has expired, the Plaintiffs must seek leave from the Court.  "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P.

16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)

### A.  The Plaintiffs can meet the "good cause" requirement of Rule 16(b)(4)

"A schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).  "To meet the 'good cause' requirement of Rule 16(b)(4), a movant must show he could not have met the scheduling order deadline to amend the pleadings despite 'diligent efforts.'" *Walker*, 2020 U.S. Dist. LEXIS 84014, at *8 (citing *Gorsuch*, 771 F.3d at 1240).  "Also, the good cause requirement 'obligates the moving party to provide an adequate explanation for any delay.'" *Id.* at *8-9. (quoting *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019)).  "'Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party.'" *Id.* at *9 (quoting *Tesone*, 942 F.3d at 988).  "The 'good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.'" *Id.* (quoting *Gorsuch*, 771 F.3d at 1240).

At the time the Plaintiffs filed their Complaint, courts had never addressed K.S.A. 74-2113 to determine whether KHP Majors were defined under classified or unclassified status. This was also true at the time the deadline expired for amending pleadings in this case.  Without any court cases addressing K.S.A. 74-2113 to determine whether the Plaintiffs were members of the classified service at the time of their terminations, the Plaintiffs could not properly assert a right to due process, or even a property interest right, in their employments.  However, with this

very question now before the Kansas Supreme Court, the Plaintiffs can properly assert such rights.

As set forth in the *Bruce v. Kelly, et al.* Order, the classified or unclassified status of a KHP Major is unclear in K.S.A. 74-2113.  (Exhibit 2, p. 46-47).  If the Kansas Supreme Court concludes that the rank of Major is a member of the classified service, then the Plaintiffs have a property interest and a right to due process regarding their terminations.  The Plaintiffs were employed in the rank of Major and K.S.A. 74-2113 was in effect at the time their employments ended.  Because there is ambiguity within the statute, requiring the Kansas Supreme Court to interpret the language, it is appropriate for the Plaintiffs to assert their due process claims now and proceed with the litigation while awaiting the answer from the Court.  With this recent action of the Kansas Supreme Court docketing the certified question, the status of the law has changed and the Plaintiffs have good cause to modify the Scheduling Order to allow them to amend their Complaint.

**B.      Amending to add due process claims does not prejudice the Defendants.**

"Rule 15(a)(2) provides that '[t]he court should freely give leave [to amend the pleadings] when justice so requires.'"  *Walker v. Corizon Health*, No. 17-2601-DDC-KGG, 2020 U.S. Dist. LEXIS 84014, at *9 (D. Kan. May 13, 2020) (quoting Fed. R. Civ. P. 15(a)(2)). "However, the court may deny leave to amend on the grounds of undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or the futility of the proposed amendment." *Id.* (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) and *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a

motion to amend." *Jones v. Wildgen*, 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004) (citing *Lange v. Cigna Individual Fin. Servs. Co*., 759 F. Supp. 764, 769 (D. Kan. 1991).

    As demonstrated with the proposed Amended Complaint, the Plaintiffs each seek to add one count of due process violations against an existing Defendant in this matter.  The claim seeks recovery of damages.   Those same damages were previously asserted within the original Complaint, as set forth in the Plaintiffs' Title VII and First Amendment claims.  Adding the due process claims would not add subject matters that would require additional discovery in this matter.  The same is true for the factual allegations supporting the due process claims.  The parties do not have a factual dispute as to the procedure used when the Plaintiffs' employments ended.   There are factual disputes as to the *motivations* behind ending the Plaintiffs' employments, but those motivations are irrelevant to a due process claim.  Therefore, adding these claims at this point in the litigation will not place burdens on the Defendants' defenses or discovery plans.  Furthermore, there is no prejudice to the Defendants by adding these claims at this stage of the litigation, as the Defendants have not yet engaged in discovery in this matter.

    The Plaintiffs moved to amend their claims upon learning of the recent Kansas Supreme Court acceptance of the certified questions.   They acted timely with that knowledge and promptly sought amendment.  As the Defendants do not oppose this amendment, the Court should grant the Plaintiffs' motion and modify the Scheduling Order to allow them to file the proposed Amended Complaint.


    WHEREFORE, Plaintiffs respectfully request that this Court grant them leave to file an Amended Complaint, and for such other and further relief as the Court deems appropriate.

Respectfully submitted:

SLOAN, EISENBARTH, GLASSMAN,
      MCENTIRE & JARBOE, L.L.C.

By: */s/ Kelly J. Trussell*           
     Kelly J. Trussell, #23161
     534 Kansas Avenue, Ste. 1000
     Topeka, KS  66603-3456
     Tel:  (785) 357-6311
     Fax:  (785) 357-6340
     ktrussell@sloanlawfirm.com
     *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

       I hereby certify that on the 27th day of October, 2021, I electronically filed the foregoing with the clerk of the district court by using the CM/ECF system, which will send a notice of electronic filing to the following parties:

    David R. Cooper
    Terelle A. Mock
    Charles Branson
    FISHER, PATTERSON,
      SAYLER & SMITH, LLP
    dcooper@fpsslaw.com
    tmock@fpsslaw.com
    cbranson@fpsslaw.com

         */s/ Kelly J. Trussell*     
         Kelly J. Trussell